AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

08 APR 28 PM 1:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| ROBERT KLING | Case Number: 07CR2829-JAH |
| | David L. Baker |
| | Defendant's Attorney |

BY: _ECL_ DEPUTY

**REGISTRATION NO.** 03498198

☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s)   One-count information.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 841(a)(1) & 843 | MANUFACTURE OF MARIJUANA AND CRIMINAL FORFEITURE | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00

☒ No fine       ☒ Property forfeited pursuant to order filed __11/15/07__, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 21, 2008
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

Entered Date:

07CR2829-JAH

AO 245B     (Rev. 9/00) Judgment in Criminal Case
            Sheet 2 — Imprisonment

DEFENDANT: ROBERT KLING                           Judgment — Page 2 of 5
CASE NUMBER: 07CR2829-JAH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FOURTEEN (14) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
     as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before _____
     ☐ as notified by the United States Marshal.
     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                 UNITED STATES MARSHAL

                          By _____
                                                 DEPUTY UNITED STATES MARSHAL

07CR2829-JAH

DEFENDANT: ROBERT KLING
CASE NUMBER: 07CR2829-JAH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

TWO (2) YEARS.

## MANDATORY CONDITIONS

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than ____4____ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

       If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

       The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT: ROBERT KLING
CASE NUMBER: 07CR2829-JAH

## SPECIAL CONDITIONS OF SUPERVISION

[x] Not possess any firearm, explosive device or other dangerous weapon.

[x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

[ ] The defendant shall violate no laws, federal, state and local, minor traffic excepted.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

[x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Participate in a mental health treatment program as directed by the probation office.

[x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within _____ days.

[ ] Complete _____ hours of community service in a program approved by the probation officer within

[ ] Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of

[ ] Reside in a Community Corrections Center (CCC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

[ ] Remain in your place of residence for a period of _____, except while working at verifiable employment, attending religious services or undergoing medical treatment.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

[x] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

07CR2829-JAH

AO 245S     Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:
CASE NUMBER:

# RESTITUTION

The defendant shall pay restitution in the amount of _____$176,000_____ unto the United States of America.

     This sum shall be paid  ____  immediately.
                              __X__ as follows:

Pay restitution in the amount of $176,000 through the Clerk, U.S. District Court, to SDG&E, 8326 Century Park Ct., Suite CP61D, San Diego, CA 92123, Attn: 7492807152 (Robert Kling), payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendants' release from prison at a rate not to exceed $2,000 per month.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

__X__    The interest requirement is waived.

____    The interest is modified as follows:

```
                                                    FILED
                                              07 NOV 15 PM 4:00
                                              CLERK, U.S. DISTRICT COURT
                                              SOUTHERN DISTRICT OF CALIFORNIA

                                              BY:  PMV       DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07cr2829-JAH |
| Plaintiff, ) | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. ) | |
| ROBERT KLING, ) | |
| Defendant. ) | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant pursuant to 21 U.S.C. § 853 as properties constituting and derived from proceeds the Defendant obtained directly or indirectly as the result of the commission of the violation of Title 21, United States Code, Section 841(a)(1) as charged in the Information, and were used or intended to be used in any manner or part to commit and to facilitate the commission of such violation; and

WHEREAS, on or about November 13, 2007, the above-named Defendant, ROBERT KLING ("Defendant"), pled guilty to the single-count Information, which plea included consent to the criminal forfeiture allegation pursuant to Title 21 as set forth in the Information; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

//

//

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

(1) $52,225 in United States currency recovered from 1415 Carrio Dr., Vista, CA;

(2) All handwritten notes, flyers, receipts, invoices, order forms, x-rays, business cards, paperwork, C02 cards, money order receipts, and bills recovered from 1415 Carrio Dr., Vista, CA;

(3) All books, manuals, catalogs, charts, articles, and magazines relating to marijuana cultivation recovered from 1415 Carrio Dr., Vista, CA;

(4) All marijuana growing notes, logs, ledgers, and charts relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(5) All chemicals, nutrients, fertilizers, insect sprayers, insect spray containers, grow tubes, grow trays, drying racks, light racks, drying trays, clone trays, irrigation fittings, all plastic stakes and stakes with water emitter heads, the refrigerator in downstairs grow area, keys, rolling paper, marijuana packaging material and potting, duffle bags, cell phones, and compact discs with photos relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(6) All workbenches, lighting, light systems, florescent light bulbs, exhaust ducting, air conditioning units, air conditioning ducting, electrical wiring, PVC piping, PVC water reservoir/holding tank, and PVC lines relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(7) The shelving system with tools, hardware, filters, and nalgene reservoirs with attached water purification units relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(8) All commercial timers, mister timers, C02 timers, electrical timers, thermometers, temperature gauges, equinox climate controllers, RH temperature controllers, Intel grow controller, all sun rail motors, electrical controllers, electrical water coolers, solenoids, water filters, and heaters relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(9) The Hydroponics system, irrigation and misting system, all water filtration systems, sunshields and ballasts, sun circles, exhaust ports, venting system, control pump, all water pumps, fans, and valves relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(10) All scales, heat sealers, tape measures, the marijuana powder press, and digital humidifier relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA; and

1  WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant ROBERT KLING in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   (1) $52,225 in United States currency recovered from 1415 Carrio Dr., Vista, CA;

   (2) All handwritten notes, flyers, receipts, invoices, order forms, x-rays, business cards, paperwork, C02 cards, money order receipts, and bills recovered from 1415 Carrio Dr., Vista, CA;

   (3) All books, manuals, catalogs, charts, articles, and magazines relating to marijuana cultivation recovered from 1415 Carrio Dr., Vista, CA;

   (4) All marijuana growing notes, logs, ledgers, and charts relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

   (5) All chemicals, nutrients, fertilizers, insect sprayers, insect spray containers, grow tubes, grow trays, drying racks, light racks, drying trays, clone trays, irrigation fittings, all plastic stakes and stakes with water emitter heads, the refrigerator in downstairs grow area, keys, rolling paper, marijuana packaging material and potting, duffle bags, cell phones, and compact discs with photos relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

   (6) All workbenches, lighting, light systems, florescent light bulbs, exhaust ducting, air conditioning units, air conditioning ducting, electrical wiring, PVC piping, PVC water reservoir/holding tank, and PVC lines relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

   (7) The shelving system with tools, hardware, filters, and nalgene reservoirs with attached water purification units relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

   (8) All commercial timers, mister timers, C02 timers, electrical timers, thermometers, temperature gauges, equinox climate controllers, RH temperature controllers, Intel grow controller, all sun rail motors, electrical controllers, electrical water coolers, solenoids, water filters, and heaters relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

   (9) The Hydroponics system, irrigation and misting system, all water filtration systems, sunshields and ballasts, sun circles, exhaust ports, venting system, control pump, all water pumps, fans, and valves relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

      (10)    All scales, heat sealers, tape measures, the marijuana powder press, and digital humidifier relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA.

2. The aforementioned forfeited assets are to be held by United States in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 11/13/07

JOHN A. HOUSTON, Judge
United States District Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07cr2829-JAH |
| Plaintiff, ) | CERTIFICATE OF SERVICE BY FACSIMILE |
| v. ) | |
| ROBERT KLING, ) | |
| Defendant. ) | |

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF SAN DIEGO   )

IT IS HEREBY CERTIFIED THAT:

I, Mary I. Apgar, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and,

On this date I transmitted via facsimile machine, at San Diego, California, , in the above-entitled action, a copy of **PRELIMINARY ORDER OF CRIMINAL FORFEITURE** , to David L. Baker, at his correct and current facsimile number, (619) 235-0076.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 8, 2007.

_____
MARY I. APGAR

## CONSENT AND AGREEMENT TO FORFEITURE

1.  In consideration of the terms of the plea agreement entered into between defendant Robert Kling and the United States in Criminal Case Number 07CR2829 JAH, Melody Kling, the spouse of defendant Robert Kling, agrees and consents to the forfeiture to the United States of all the assets and properties described as follows:

(1) $52,225 in United States currency recovered from 1415 Carrio Dr., Vista, CA;

(2) All handwritten notes, flyers, receipts, invoices, order forms, x-rays, business cards, paperwork, C02 cards, money order receipts, and bills recovered from 1415 Carrio Dr., Vista, CA;

(3) All books, manuals, catalogs, charts, articles, and magazines relating to marijuana cultivation recovered from 1415 Carrio Dr., Vista, CA;

(4) All marijuana growing notes, logs, ledgers, and charts relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(5) All chemicals, nutrients, fertilizers, insect sprayers, insect spray containers, grow tubes, grow trays, drying racks, light racks, drying trays, clone trays, irrigation fittings, all plastic stakes and stakes with water emitter heads, the refrigerator in downstairs grow area, keys, rolling paper, marijuana packaging material and potting, duffle bags, cell phones, and compact discs with photos relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(6) All workbenches, lighting, light systems, florescent light bulbs, exhaust ducting, air conditioning units, air conditioning ducting, electrical wiring, PVC piping, PVC water reservoir/holding tank, and PVC lines relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(7) The shelving system with tools, hardware, filters, and nalgene reservoirs with attached water purification units relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(8) All commercial timers, mister timers, C02 timers, electrical timers, thermometers, temperature gauges, equinox climate controllers, RH temperature controllers, Intel grow controller, all sun rail motors, electrical controllers,

electrical water coolers, solenoids, water filters, and heaters relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(9) The Hydroponics system, irrigation and misting system, all water filtration systems, sunshields and ballasts, sun circles, exhaust ports, venting system, control pump, all water pumps, fans, and valves relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA;

(10) All scales, heat sealers, tape measures, the marijuana powder press, and digital humidifier relating to the marijuana growing operation at 1415 Carrio Dr., Vista, CA.

2. Melody Kling acknowledges and admits that the assets described above are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853 and 881. Melody Kling admits there was probable cause for the seizure and forfeiture of all the assets and properties at the time of the seizures and that there is probable cause for the forfeiture of all the assets described and admits that the properties described above were properties involved in the offense of conviction of Robert Kling, to wit, the cultivation, manufacture, and possession of marijuana, and represent the proceeds of such cultivation, manufacture, and possession.

3. Melody Kling further agrees to not contest the criminal, civil or administrative forfeiture proceedings relating to any of the assets or properties seized and subject to seizure and forfeiture as the result of the acts encompassed in Criminal Case Number 07CR2829 JAH. Melody Kling further waives notice of all forfeiture proceedings with respect to all the assets and properties and waives any and all defenses to such proceedings that may be asserted, including, but not limited to: "innocent owner", "community property", and constitutional defenses.

4. The person or persons who made the arrest or the prosecutor shall not be liable to suit or judgment on account of such seizures in accordance with Title 28, United States Code, Section 2465.

//
//
//
//

1      5.    Melody Kling, her agents or assigns, shall hold and save harmless the United States of
2  America, its agents and employees, from any and all claims which might result from the forfeiture of
3  the assets and properties described herein.

*10·12·07*
DATED

_____
MELODY KLING